UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VARDA FRIEDMAN, on behalf of plaintiff and a class defined herein,<br>      Plaintiff,<br><br>v.<br><br>LEADING EDGE RECOVERY, SOLUTIONS, LLC and ASSET ACCEPTANCE, LLC,<br>      Defendants. | )<br>)<br>)<br>)  Case No. 13 cv 9034<br>)<br>)  Judge Sharon Johnson Coleman<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Varda Friedman brings this class action suit alleging a debt collection letter sent by defendant Leading Edge Recovery Solutions, LLC ("Leading Edge"), on behalf of defendant Asset Acceptance, LLC ("Asset") (collectively, "Defendants") violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"). Defendants now move to dismiss Friedman's complaint in its entirety. For the following reasons, Defendants' motion is granted.

**Background**

On March 8, 2103, Leading Edge, a debt collection company, sent a debt collection letter to Friedman, which stated:

> Dear Varda Friedman,
>
> Your delinquent account has been placed with our company for collection. We have been authorized by our client to collect the outstanding amount owed to them.
>
> Asset Acceptance LLC may report information about your account to credit bureaus. Correspondence concerning inaccuracies and disputes relating to your credit report should be sent to: Asset Acceptance, LLC, P.O. Box 1630 Warren, MI 48090-1630.
>
> Per our agreement with our client, your account is eligible for settlement. That's right! If you pay just $2,757.92 of the $3,939.89 you currently owe our client, this debt will be settled in full! We are not obligated to renew this offer.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office

1

> will provide you with the name and address of the original creditor if different from the current creditor.
>
> Federal law prohibits certain methods of debt collection, and requires that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact or that you refuse to pay the debt. Sending such a letter does not make the debt go away, if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.
>
> If you have a complaint about the way we are collecting this debt, please write to us at Leading Edge Recovery Solutions, LLC 5440 North Cumberland Ave STE 300 Chicago, IL 60656, email us at AssetComplaints@leadingedgerecovery.com, or call us toll-free at (866) 577-8403 between 9:00 A.M. and 5:00 P.M. CST, Monday – Friday.
>
> The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FCT online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., N.W., Washington, D.C. 20580.
>
> Sincerely,
>
> Collections Department
> (855) 853-6334

(Dkt. #1-1.) Friedman now brings a class action lawsuit alleging that the instruction to contact Asset instead of Leading Edge regarding credit report disputes overshadows the validation notice and is misleading in violation of the FDCPA. Defendants now move to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6).

**Legal Standard**

A motion to dismiss tests the legal sufficiency of the complaint. *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir.2009). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In deciding a Rule 12(b)(6) motion to dismiss, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Whether a debt collection letter is confusing is generally a question of fact; however, "a plaintiff fails to state a claim and dismissal is appropriate as a matter of law when it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (internal quotations omitted).

2

**Discussion**

Friedman's complaint alleges the instruction to contact Asset regarding credit report disputes, instead of Leading Edge, contradicts and overshadows the validation notice in violation of §1692g and is misleading in violation of §1692e. (Dkt. #1, Pl.'s Compl., ¶¶18-24.) "Since inaccuracies and disputes relating to the reporting of the debt are likely to be inaccuracies and disputes relating to the debt itself (e.g., the debt is not mine), this instruction conflicts with the validation notice that appears below. A consumer that follows the instruction to communicate with [Asset] will waive their dispute rights with respect to [Leading Edge]." (Id. at ¶¶19-20.)

Section 1692g requires debt collection letters to include a validation notice explaining that the consumer has 30 days to dispute the validity of the debt. 15 U.S.C. 1692g(b). "Any collection activities and communications during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *Id*. The validation notice "must be effective, and it cannot be cleverly couched in such a way as to eviscerate its message." *Chauncey v. JDR Recovery Corp.,* 118 F.3d 516, 518–19 (7th Cir.1997) (citing *Avila,* 84 F.3d at 226). Section 1692e prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

In evaluating whether a debt collection letter violates the FDCPA, the Court views the letter from the objective standard of an unsophisticated consumer, who is assumed to be "uninformed, naive, or trusting." *Durkin v. Equifax Check Servs.*, 406 F.3d 410, 414 (7th Cir. 2005). Nevertheless, the unsophisticated consumer "possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences." *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000).

Defendants maintain that Friedman's complaint fails because the instruction to contact Asset regarding credit report disputes does not overshadow and is not inconsistent with the consumer's rights to dispute the validity of the debt with Leading Edge, nor is it misleading. The Court agrees. Overshadowing generally occurs when the debt collector indicates that the time for disputing the debt has passed or when the statements by the debt collector "misrepresent or cloud the amount of time remaining to dispute the debt." *Durkin*, 406 F.3d at 417. Information included along with the validation notice may be overshadowing if it renders the letter confusing

or makes the debtor uncertain as to her rights. *Ozkaya v. Telecheck Servs., Inc.*, 982 F. Supp. 578, 582-83 (N.D. Ill. 1997) (citing *Bartlett v. Heibl,* 128 F.3d 497, 500 (7th Cir. 1997) and *Russell v. Equifax A.R.S.,* 74 F.3d 30, 35 (2d Cir. 1996)). However, the language at issue here is unlike the language the Seventh Circuit has held to overshadow consumers' rights. *See e.g. Chauncey*, 118 F.3d at 519 (7th Cir. 1997) (demand for payment within thirty days contradicts the validation notice); *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996) (letter giving debtor ten days to pay "or else" inconsistent with validation notice).

Friedman asserts that directing the consumer to contact *the creditor* to dispute her credit report, rather than *the debt collector*, violates the FDCPA because, in doing so, the consumer will waive her verification rights. Friedman also argues that there is no difference between disputing the debt and disputing the reporting of the debt; therefore, directing the consumer to contact two different parties about a single dispute is contradictory and misleading. However, directing a consumer to contact different parties for different purposes does not amount to overshadowing and Friedman's overshadowing claim therefore fails. *See Shapiro v. Dun & Bradstreet Receivable Mgmt. Servs., Inc.*, 59 F. App'x 406, 408 (2d Cir. 2003) (letter instructing consumer to contact creditor for payment purposes or with questions about the account or contact debt collector to dispute the debt does not overshadow or contradict the validation notice). Friedman's allegation that the letter is misleading "for the same reason" summarily fails. (*See* Dkt. 1, Pl's Compl., ¶23.)

**Conclusion**

Accordingly, Defendants' motion to dismiss is granted. Friedman's complaint is dismissed without prejudice for 28 days, at which time it will automatically convert to a dismissal with prejudice.

IT IS SO ORDERED.

Date: April 28, 2014

United States District Judge